UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AL FATAH INTERNATIONAL NAVIGATION
COMPANY LIMITED

                Plaintiff,

   - against -

SHIVSU CANADIAN CLEAR WATERS
TECHNOLOGY PRIVATE LTD.,
NEPTUNE CONTAINER LOGISTICS PVT LTD.,
VIKING SHIPPING (CHENNAI) PVT LTD.,
EMIRATES SHIPPING LINE FZE,
CARAVEL SHIPPING SERVICES PVT. LTD.,
PRIDE SHIPPING COMPANY,
INTER CONTAINER CARGO LINE (COLOMBO),
CONTI HOLDING GmbH & CO KG,
SCHULTER KARL GmbH & CO KG,

                Defendants.
------------------------------------------------------------------x

09 CV 4856

ANSWER UNDER ADMIRALTY RULE E(8) OF SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

Hon. Denny Chin

Defendant Shivsu Canadian Clear Waters Technology Private Ltd., ("Shivsu" or "Defendant"), through its attorneys Claugus & Mitchell LLP, answers the verified Rule B complaint dated May 22, 2009 (the "Complaint") of Al Fatah International Navigation Company Limited ("Plaintiff" or "Al Fatah") and states as follows upon information and belief.

    1. Defendant denies the allegations of Paragraph 1 of the Complaint.

    2. Defendant denies the allegations of Paragraph 2 of the Complaint.

    3. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the Complaint.

    4. Defendant admits the allegations of Paragraph 4 of the Complaint.

    5. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint.

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint.

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint. The Purchase Contract dated March 7, 2008, specifies the supply of 15 Units which subsequently got reduced to 12 Units.

16. Defendant denies the allegations of Paragraph 16 of the Complaint. The amount (80% of the total purchase price for the goods) indicated by Plaintiff is incorrect.

17. Defendant denies the allegations of Paragraph 17 of the Complaint. The Purchase Contract is for "FOB Chennai."

18. Defendant denies the allegations of Paragraph 18 of the Complaint. The Banque of Saudi Fransi was the consignee of the shipment and only upon full payment of the shipment and endorsement of the necessary documents did Plaintiff become entitled to possesion of the shipments.

19. Defendant neither admits nor denies the allegations set forth in Paragraph 19 of the Complaint as they allege legal conclusions.

20. Defendant denies the allegations of Paragraph 20 of the Complaint. The shipment was shipped to and arrived in the port of Dammam, Saudi Arabia on time.

21. Defendant denies the allegations of Paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations of Paragraph 25 of the Complaint. The goods reached the agreed upon destination of the prot of Dammam, Saudi Arabia. However, after they arrived in Dammam, Plaintiff refused to make payment or accept the goods. The shipment was in

the port of Dammam for more than a month waiting for Plaintiff to pay for and take possession of the goods. It was only after Dammam port authorities insisted that the goods be cleared or be sold at auction, that Defendant re-shipped the goods from Dammam to another port.

26. Defendant neither admits nor denies the allegations set forth in Paragraph 26 of the Complaint as they allege legal conclusions.

27. Defendant neither admits nor denies the allegations set forth in Paragraph 27 of the Complaint as they allege legal conclusions.

28. Defendant neither admits nor denies the allegations set forth in Paragraph 28 of the Complaint as they allege legal conclusions.

29. Defendant neither admits nor denies the allegations set forth in Paragraph 29 of the Complaint as they allege legal conclusions.

30. Defendant denies the allegations of Paragraph 30 of the Complaint.

31. Defendant neither admits nor denies the allegations set forth in Paragraph 31 of the Complaint as they allege legal conclusions.

32. Defendant neither admits nor denies the allegations set forth in Paragraph 32 of the Complaint as they allege legal conclusions; however, Defendant takes the position that Plaintiff is not entitled to any attorneys fees at all.

33. Defendant denies the allegations of Paragraph 33 of the Complaint.

34. Defendant denies the allegations of Paragraph 34 of the Complaint.

35. Defendant denies the allegations of Paragraph 35 of the Complaint.

36. Defendant denies the allegations of Paragraph 36 of the Complaint.

37. Defendant denies the allegations of Paragraph 37 of the Complaint.

38. Defendant denies the allegations of Paragraph 38 of the Complaint.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. The Court lacks personal jurisdiction, subject matter jurisdiction and admiralty jurisdiction over Defendant, which is specifically not waived by an appearance herein pursuant to Supplemental Rule E(8).

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Plaintiff has failed to state a claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. Defendant shipped the goods on time to Dammam, Saudi Arabia.

44. The goods reached the agreed upon destination of the port of Dammam, Saudi Arabia. However, after the shipment arrived in Dammam, Plaintiff refused to make payment.

45. Plaintiff, in breach of the Purchase Contract, prevented the consignee, Banque Saudi Fransi, from releasing payment on the related letter of credit.

46. Defendant's bank, Indian Ban, Ethiraja Salai Branch, Chennai, requested payment to be released from Plaintiff's bank (Banque Saudi Fransi). Instead of releasing payment on the letter of credit, Banque Saudi Fransi informed Defendant's bank that payment would not be made.

47. The shipment was in the port of Dammam for more than a month, waiting for Plaintiff to pay for and take possession of the goods. It was only after Dammam port authorities insisted that the goods be cleared or be sold at auction, that Defendant re-shipped the goods from

Dammam to another port. Due to Plaintiff's refusal to pay for the goods, Defendant Shivsu was left with no other option, other than to move the delivered goods to another port to save on storage costs and demurrage and suspend future shipments.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48. The Complaint should be dismissed in favor of the competent courts of the High Court of Judicature at Madras, India and the City Civil Court of Chennai, India, in which Defendant Shivsu has initiated court proceedings against Plaintiff, and as to which Plaintiff has appeared.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49. Plaintiff is not the real party in interest and lacks standing to bring these claims against Defendant.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50. The alleged claim is barred by operation of law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51. The alleged claim is barred by laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

52. Any loss or damage as alleged, which is denied, was caused by or contributed to by acts and/or omissions of Plaintiff and/or other third parities, and not Defendant Shivsu.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

53. Plaintiff failed to properly mitigate their alleged damages.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

54. Service of the Complaint was improper and insufficient.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

55. Rule B attachment is not applicable to the Defendants, nor to their assets.

WHEREFORE, Defendant Shivsu respectfully requests that this Court enter judgment in its favor and against Plaintiff Al Fatah as follows:

(a) denying and dismissing Plaintiff's claims set forth in the Complaint against Defendant, with prejudice;

(b) that the Rule B order of attachment be vacated as to Shivsu and all other defendants and that all attached funds be released to the rightful owners;

(c) that Plaintiff pay Defendant all costs and reasonable attorneys' fees and other costs, as and to the extent permitted by law; and

(d) that Defendant be awarded such other or different relief as this Court may deem just and proper.

Dated: New York, New York
       July 16, 2009

Respectfully submitted,

CLAUGUS & MITCHELL LLP
Attorneys for Defendant
Shivsu Canadian Clear Waters Technology Private Ltd.

By: _____
    Clyde Mitchell, Esq. (CM-2916)
    Gilbert de Dios, Esq. (GD-5210)
    110 Wall Street, Suite 2700
    New York, New York 10005
    (212) 425-2200 ext. 12

## VERIFICATION

STATE OF NEW YORK )
COUNTY OF NEW YORK ) :ss.:
CITY OF NEW YORK)

Gilbert de Dios, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and an associate at the law firm of Claugus & Mitchell LLP, attorneys for Defendant Shivsu Canadian Clear Waters Technology Private Ltd.

2. I have read the foregoing Answer and I believe the contents thereof are true.

3. The reason that this Verification is made by deponent and not by Defendant Shivsu is because Defendant is a foreign corporation and no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of Defendant

Dated: New York, New York
       July 16, 2009

Respectfully submitted,

_____
Gilbert de Dios, Esq. (GD-5210)
110 Wall Street, Suite 2700
New York, New York 10005
(212) 425-2200 ext. 15